ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| The Boeing Company | ) | ASBCA Nos. 61387, 61388 |
| | ) | |
| Under Contract No. F33657-01-D-0026 | ) | |

APPEARANCES FOR THE APPELLANT:      Scott Felder, Esq.
                                    Scott M. McCaleb, Esq.
                                    Craig M. Smith, Esq.
                                      Wiley Rein LLP
                                      Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Jeffrey P. Hildebrant, Esq.
                                      Deputy Chief Trial Attorney
                                    David K. Stark, Esq.
                                    Joel B. Lofgren, Esq.
                                      Trial Attorneys

ORDER OF DISMISSAL

The dispute has been settled. The Settlement Agreement of the parties is attached as an exhibit to this Order. The appeals are dismissed with prejudice.

Dated: December 6, 2022

_____
MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA Nos. 61387, 61388, Appeal of The Boeing Company, rendered in conformance with the Board's Charter.

Dated:

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

EXHIBIT

This Mutual Release and Settlement Agreement (hereinafter "Agreement") is entered into by the U.S. Department of the Air Force (hereinafter "the Air Force") and The Boeing Company (hereinafter "Boeing" or "the Contractor," and, collectively with the Air Force, the "Parties"), as of __17__ November, 2022 (the "Effective Date").

WHEREAS, in 2015, the Air Force awarded Boeing Delivery Order 0138 under Boeing's Indefinite Delivery Indefinite Quantity Eagle TALON Contract No. F33657-01-D-0026 for the Technology Maturation and Risk Reduction phase of the Air Force's F-15 Eagle Passive Active Warning Survivability System ("EPAWSS") program (the "TMRR Contract");

WHEREAS, in 2016, the Air Force awarded Boeing a separate contract, Contract No. FA8634-17-C-2650, for the follow-on Engineering and Manufacturing Development phase of the EPAWSS program to modify existing F-15 aircraft to ensure compatibility with the new EPAWSS system ("the EMD Contract," and, together with the TMRR Contract, the "EPAWSS Contracts");

WHEREAS, Boeing submitted numerous non-commercial technical data deliverables to the Air Force under the EPAWSS Contracts with unlimited rights (the "EPAWSS Technical Data");

WHEREAS, Boeing marked the EPAWSS Technical Data with a proprietary marking to put third parties on notice that Boeing retained rights in the EPAWSS Technical Data (the "Disputed Legend");

WHEREAS, on July 31, 2017, the Air Force issued a Contracting Officer's Final Decision ("COFD") for each of the EPAWSS Contracts, directing the removal of the Disputed Legend under DFARS 252.227-7013, RIGHTS IN TECHNICAL DATA—NONCOMMERCIAL ITEMS (NOV 1995), on the basis that the Disputed Legend was a nonconforming legend;

WHEREAS, Boeing appealed both COFDs to the Armed Services Board of Contract Appeals (the "Board"), designated as Appeal Nos. 61387 and 61388 (the "Appeals");

WHEREAS, Boeing requested entry of summary judgment on the question of whether Boeing may mark technical data in which it has given the Government unlimited rights with the Disputed Legend, which Boeing argued restricts the rights of third parties to use those data but expressly recognizes—and in no way impairs—the Government's unlimited rights in those data;

WHEREAS, the Air Force opposed summary judgment arguing: (1) the Disputed Legend does impede the Air Force's unlimited rights to the technical data; (2) allowing contractors to mark technical data with non-authorized technical data rights legends adds unnecessary confusion and uncertainty; (3) it is undisputed that Boeing has chosen to use a legend that is not one of the authorized legends in the Defense Federal Acquisition Regulation Supplement ("DFARS"); and (4) Boeing's concerns about other intellectual property rights that might be implicated are unrelated to the dispute at issue;

WHEREAS, on November 29, 2018, the Board denied Boeing's motion for summary judgment, holding that the markings in DFARS 252.227-7013(f) "are the only permissible legends for limiting data rights and no other data rights legends are allowed[;]"

WHEREAS, on March 18, 2019, the Board entered a final decision denying Boeing's appeals;

WHEREAS, Boeing appealed the denial of summary judgment and ensuing final decision to the Federal Circuit;

WHEREAS, on December 21, 2020, the Federal Circuit issued a decision reversing the Board's denial of summary judgment, vacating the final decision denying Boeing's appeals, and remanding to the Board for further proceedings in the Appeals;

WHEREAS, one issue remanded to the Board was whether the Disputed Legend does or does not restrict the Government's rights; and

WHEREAS, the Parties, to avoid the delay, expense, and uncertainty of further litigation, desire to settle the Appeals upon the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual promises and agreements of the Parties hereto, each to the other, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1. The Air Force agrees that, for the purpose of compromise, the following legend is acceptable for and may be affixed to the non-commercial technical data delivered under the EPAWSS Contracts, including the current Contract No. FA8634-21-C-2702, with unlimited rights to notify third parties of Boeing's continuing ownership of such deliverables (the "Permissible Third-Party Legend"):

---

THE DATA HEREIN ARE NONCOMMERCIAL TECHNICAL DATA DELIVERED TO THE U.S. GOVERNMENT WITH UNLIMITED RIGHTS

Contract No. _____
Contractor Name _____The Boeing Company_____
Contractor Address _____

© [YYYY] Boeing.  The technical data herein are owned by The Boeing Company.  The U.S. Government authorizes non-U.S. Government recipients of these data to use these data for the performance of U.S. Government contracts or subcontracts.  Any other third-party use of these data requires permission from the U.S. Government or The Boeing Company.

---

2. Except for the situation described below, Boeing shall be permitted, but not required, to remark previously delivered EPAWSS Technical Data by substituting the Permissible Third-Party Legend for the Disputed Legend.  Regardless of whether or not Boeing remarks the previously delivered EPAWSS Technical Data, for the purposes of compromise, the Government shall accept all EPAWSS Technical Data that were rejected solely on the grounds that the data contained the Disputed Legend.  In consideration of this acceptance, Boeing agrees that (a) the Air Force may attach the Permissible Cover Page (Attachment 1) to such rejected deliverables in its possession and (b) to the extent Boeing re-delivers the rejected deliverables, it will attach the Permissible Cover Page thereto.

2a. If any previously delivered EPAWSS Technical Data, or portion, is *updated and redelivered* to the Government by Boeing and is marked with a Disputed Legend, Boeing shall remark the data with the Permissible Third-Party Legend in lieu of the Disputed Legend. Boeing

shall not affix the Disputed Legend to any newly delivered or redelivered EPAWSS Technical Data.

3. Boeing agrees that the Permissible Third-Party Legend does not limit in any way the Government's ability to fully exercise its unlimited rights "in any manner, and for any purpose whatsoever, and to have or authorize others to do so." Boeing agrees the Government's full exercise of its rights includes the right to retroactively grant permission to use.

4. To minimize further disagreements on this subject between the Parties and to improve consistency of markings, the Parties agree to consider use of the Permissible Third-Party Legend for non-commercial, unlimited rights technical data delivered under other contracts between the Parties. The Parties recognize that the Permissible Third-Party Legend may not be appropriate for all non-commercial technical data delivered or furnished with unlimited rights. The Parties will determine on a case-by-case basis whether the Permissible Third-Party Legend is appropriate given the nature of the data, the intended use(s) of the data, the intended dissemination of the data, other pre-existing agreements between the Parties regarding technical data markings, and any other appropriate considerations to include changes in law, regulations, or policy. As such, nothing herein shall be construed to require Boeing to apply the Permissible Third-Party Legend to any technical data deliverables under any other contracts between the Parties; rather, the Parties shall memorialize any future agreement to use the Permissible Third-Party Legend beyond the EPAWSS Contracts in one or more separate documents.

5. For the convenience of the Parties, they will jointly request that the Board publish this Agreement as an addendum to its dismissal order to effectuate its dissemination to the public. In no event, shall this paragraph create any monetary liabilities for the Government, or any of its departments, agencies, or instrumentalities.

6. For the purposes of this settlement, the Air Force takes no position on whether the Permissible Third-Party Legend does, or does not, preserve any proprietary or trade secret interests that Boeing might have, if any, in the underlying technical data. The Air Force also takes no position on whether the Permissible Third-Party Legend does, or does not, create third-party liability under DFARS 252.227-7025(c)(2) or other legal theories. The Air Force reserves the right to adopt or take such positions in the future.

7. The Government shall have the unilateral right, without any duty of providing notice, to remove or strikethrough the Permissible Third-Party Legend in the event the Government authorizes the underlying data for release to the public.

8. The Government shall reproduce the Permissible Third-Party Legend along with reproductions of the underlying technical data, except where such reproduction is impractical or would cause confusion. However, in no event, shall any failure to reproduce, in whole or in part, the Permissible Third-Party Legend create any liabilities for the Government, or any of its departments, agencies, or instrumentalities. Additionally, Boeing releases the Government and agrees that it shall not bring any causes of action against the Government, or any of its departments, agencies, or instrumentalities, from any claim or allegation that the Permissible Third-Party Legend constitutes or contains copyright management information.

9. Except with regard to actions to enforce this Settlement Agreement, the Air Force hereby releases, acquits, forever discharges, and covenants not to sue Boeing, its affiliates, and their respective predecessors, successors, agents, resellers, attorneys, employees, officers,

directors, shareholders, and assigns, past and present, from any and all actions, causes of action, claims, demands, losses, expenses, damages, attorneys' fees, costs, judgments, orders, and liabilities of whatever kind or nature, in law or equity or otherwise, and any other form of claim or compensation, in any way arising out of or relating to the application of the Disputed Legend to the EPAWSS Technical Data. For clarity, this release does not relieve Boeing of any duty related to subject inventions, including the duty to disclose subject inventions, that are described in the underlying technical data.

10. Except with regard to actions to enforce this Settlement Agreement, Boeing, on behalf of itself, its affiliates, and their respective predecessors, successors, agents, resellers, attorneys, employees, officers, directors, shareholders, and assigns, past and present, hereby releases, acquits, forever discharges, and covenants not to sue the Government, or any of its departments, agencies, or instrumentalities, from any and all actions, causes of action, claims, demands, losses, expenses, damages, attorneys' fees, costs, judgments, orders, and liabilities of whatever kind or nature, in law or equity or otherwise, and any other form of claim or compensation, in any way arising out of or relating to the application of the Disputed Legend to the EPAWSS Technical Data.

11. Nothing in this Agreement shall be construed to limit or interfere with (i) the right of any person to make a communication protected by law or regulation; or (ii) the right of the United States Department of Justice to investigate, bring suit, or prosecute violations of those United States laws as to which only the Department of Justice has authority to investigate, bring suit, prosecute, or release offenses.

12. Within 60 calendar days of execution of this Agreement, the Parties shall, by their counsel, execute and cause to be filed a stipulation requesting dismissal of the Appeals with prejudice. Additionally, the Parties' stipulation will jointly request that the Board publish this Agreement as an addendum to its dismissal order to effectuate its dissemination to the public. The Parties agree that nothing in this agreement is proprietary or otherwise would prevent the public release of this Agreement.

13. Each Party shall be responsible for its own attorneys' fees and costs in connection with this Agreement and the Appeals.

14. The signatories below represent and warrant that they each have the capacity, power, authority, and authorization to enter into this Agreement for the Parties hereto. This Agreement is a valid and legally-binding obligation of the Parties and is fully enforceable against the Parties in accordance with its terms.

15. This Agreement contains the entire agreement and understanding between the Parties concerning the subject matter herein and supersedes and replaces all prior claims, settlement negotiations, and agreements, written or oral, concerning that subject matter. All matters and issues raised by the parties are merged into and resolved by this Agreement.

16. This Agreement shall be binding upon the Parties and may not be released, discharged, abandoned, supplemented, amended, changed, or modified in any manner, orally or otherwise, except by an instrument in writing of concurrent or subsequent date signed by a duly-authorized representative of each of the Parties hereto. This Agreement is binding upon and shall inure to the benefit of the Parties and their respective affiliates, successors, and assigns.

17.  The Parties acknowledge that they have entered into this Agreement voluntarily, without coercion, based upon their own judgment, and not in reliance upon any representation or promise made by any Party.  The Parties have read this Agreement, they are fully aware of its contents and its legal effect, and all waivers and releases herein are knowing and voluntary.

18.  This Agreement does not constitute an admission of liability by either the Government or Boeing.  Rather, this Agreement is merely a negotiated settlement between the Parties.

19.  This Agreement may be executed in counterparts with the same force and effect as if executed in one complete document by the Parties.

20. The Parties agree that the Board retains jurisdiction for any disputes or actions to enforce this Agreement.  The Parties shall work in good faith to resolve any disputes before seeking relief from the Board.

IN WITNESS WHEREOF, the Parties, through their respective authorized representatives, set their hands to and enter into this Agreement.

*U.S. Department of the Air Force*

PENNINGTON.DAN NY.R███████ Digitally signed by PENNINGTON.DANNY.R███████ Date: 2022.11.17 10:54:35 -05'00'

DAN PENNINGTON, NH-04, DAF
F-15 Chief of Contracting

YOON.FRANK███████ Digitally signed by YOON.FRANK███████ Date: 2022.11.15 16:04:15 -05'00'

FRANK YOON, Colonel, USAF
Chief Trial Attorney

*The Boeing Company*

Date:  __11/11/2022__

Date:  __11/17/2022__

Attachment: Permissible Cover Page

Attachment 1

In accordance with the Mutual Release and Settlement Agreement entered into on __17__ November, 2022 under Contract No. FA8634-17-C-2650, the Government has Unlimited Rights to the data herein and any conflicting legend on the data is superseded by this legend.

<div style="border:1px solid black; padding:8px">

THE DATA HEREIN ARE NONCOMMERCIAL TECHNICAL DATA DELIVERED TO THE U.S. GOVERNMENT WITH UNLIMITED RIGHTS

Contract No. _____

Contractor Name _____The Boeing Company_____

Contractor Address _____

© [YYYY] Boeing.  The technical data herein are owned by The Boeing Company.  The U.S. Government authorizes non-U.S. Government recipients of these data to use these data for the performance of U.S. Government contracts or subcontracts.  Any other third-party use of these data requires permission from the U.S. Government or The Boeing Company.

</div>